

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5630 | **DATE** | 5/31/2011 |
| **CASE TITLE** | United States of America vs. McRay Bright | | |

**DOCKET ENTRY TEXT**

The Clerk is directed to file on the case docket petitioner's motion to supplement his original section 2255 petition pursuant to Rule 15(a). Petitioner's amendment relates back to his original petition and therefore was timely filed. See statement below.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

McRay Bright's motion to supplement his section 2255 petition pursuant to Federal Rule of Civil Procedure 15(a) was sent only to Judge Lefkow's chambers. Believing the document to be a courtesy copy, the court did not ascertain whether a copy of the memorandum had been filed with the Clerk's Office. Upon review of the memorandum and the docket in this case, it appears that Bright did not file his motion with the Clerk's Office. Bright's motion is signed but not dated and does not include a certificate of service. For the reasons that follow, the court concludes that Bright's amendment to his original petition was timely filed.

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the date on which the judgment of conviction becomes final." *Clay* v. *United States*, 537 U.S. 522, 524 (2003) (internal quotations omitted); 28 U.S.C. § 2255 ¶ f(1). Assuming no petition for certiorari is filed in the United States Supreme Court, the statute of limitations begins to run in section 2255 cases "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Id.* at 525. The time period for filing a petition for certiorari expires 90 days after the entry of the judgment of a United States court of appeals. Sup. Ct. R. 13(1).

The Seventh Circuit affirmed Bright's conviction on August 20, 2009. Thereafter, Bright had until November 18, 2009 to file a petition for certiorari with the Supreme Court. Since no such petition was filed, Bright had until November 18, 2010 to file a collateral attack on his sentence under section 2255. Bright's section 2255 petition was timely filed on August 27, 2010 when he placed it in the prison mailing system. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings.

Bright's motion to supplement appears to have been filed sometime after April 22, 2011, which would fall outside the one-year filing deadline imposed by section 2255. (The most recent document filed with the court is dated April 22, 2011, wherein Bright requested information as to how to file his memorandum of law in

| STATEMENT |
|---|
| support of his original petition. *See* Dkt. #6. The request does not mention any amendment pursuant to Rule 15.)<br><br>Pursuant to Federal Rule of Civil Procedure 15(c), Bright's section 2255 petition may be amended past the one-year statute of limitations if the amended claims and the original claims "are tied to a common core of operative facts." *Mayle* v. *Felix*, 545 U.S. 644, 664 (2005). Bright's first supplemental claim asserts that he was denied effective assistance of trial counsel because his counsel stipulated to the fact that the LaSalle Bank's deposits were FDIC-insured during the entire year of 2006. Bright argues that the stipulation gave the government an "unfair advantage" and that the government did not meet its burden of proving his guilt beyond a reasonable doubt. This claim is tied to the same facts asserted in support of the first ground for relief asserted in Bright's original petition, namely that the prosecution did not meet its burden of proving that the LaSalle Bank was FDIC-insured. Bright's second supplemental claim asserts that he received ineffective assistance of appellate counsel because his appellate counsel failed to assert that he received ineffective assistance of trial counsel due to the stipulation as to the LaSalle Bank's FDIC status. This claim is nearly identical to the fourth ground for relief asserted in Bright's original petition. Therefore Bright's amendment to his petition is not time-barred. *See Tucker* v. *Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (where claims asserted in second petition were "virtually identical" to claims raised in first petition, they "appear[ed]" to be tied to a common core of operative facts). |