Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5630 | **DATE** | 6/22/2011 |
| **CASE TITLE** | USA vs. McRay Bright | | |

**DOCKET ENTRY TEXT**

The motion of McRay Bright under 28 U.S.C. § 2255 is denied. Case dismissed. This case is terminated. *See statement below.*

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

# STATEMENT

On April 26, 2007, following a jury trial, Bright was convicted of conspiracy to commit bank robbery (Count I), bank robbery (Count II), possession of a firearm in furtherance of a crime of violence (Count III), and attempting to escape (Count IV). He was sentenced to a total term of 181 months of imprisonment. The judgment was affirmed on August 20, 2009. *United States* v. *Bright*, 578 F.3d 547 (7th Cir. 2009). Bright placed his motion for post-conviction relief in the institutional mail at his prison on August 27, 2010, within the statute of limitations imposed by § 2255(f).

The court must grant a § 2255 motion where the petitioner shows "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Hays* v. *United States*, 397 F.3d 564, 566-67 (7th Cir. 2005); *see Gallo-Vasquez* v. *United States*, 402 F.3d 793 (7th Cir. 2005) (affirming dismissal of § 2255 petition). Relief under § 2255 "is reserved for extraordinary situations." *Hayes*, 397 F.3d at 566 (citations and internal quotations omitted). Under Rule 4(b) of the Rules Governing § 2255 cases, the court is to make a preliminary review and if it plainly appears from the motion, any attached exhibits, and the record that the petitioner is not entitled to relief, the court must dismiss the petition. If the motion "seems extremely unlikely" to have merit, the judge may dismiss it. *Dellenbach* v. *Hanks*, 76 F.3d 820, 820 (7th Cir. 1996). In short, the motion has to at least cross a "threshold of plausibility." *Id.*

Bright claims ineffective assistance of trial and appellate counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) "that counsel's representation fell below an objective standard of reasonableness;" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland* v. *Washington*, 466 U.S. 668, 688 & 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

1

| STATEMENT |
|---|

Bright argues that he received constitutionally deficient representation at trial because his counsel stipulated to the fact that the victim bank was FDIC-insured, relieving the government of its burden to prove an essential element of the crime of bank robbery. *See* 18 U.S.C. § 2113(f) ("'[B]ank' as used in this action means any member bank of the Federal Reserve System . . . and any institution the deposits of which are insured by the [FDIC]."). Bright does not argue that LaSalle Bank was not FDIC-insured and the documents submitted with his petition show that the bank was insured. *See* Ex. 2 to Dkt. #10. Without evidence that the government could not have readily proved the fact, Bright cannot establish that had counsel refused to stipulate the result would likely have been different. Therefore this argument fails.

Bright next argues that he had ineffective appellate counsel because counsel did not raise the issue of ineffective assistance of trial counsel. Because there was no valid claim for ineffective assistance of trial counsel, his appellate counsel was not deficient for failing to raise that issue on appeal.

Bright also argues that this court did not have subject matter jurisdiction over his criminal trial. This court has subject matter jurisdiction over federal offenses pursuant to 18 U.S.C. 3231. Bright was charged with federal offenses, and therefore the court had subject matter jurisdiction over the litigation.

Finally, Bright argues that the offenses of conspiracy to commit bank robbery, bank robbery, and possession of a firearm during a crime of violence merge and therefore should have resulted in one sentence. It is well-settled that the offense of conspiracy does not merge with the substantive offense of bank robbery. *See Wright* v. *United States*, 519 F.2d 13, 20 (7th Cir. 1975) ("(C)onspiracy is a separate crime, even though it involves an agreement to commit the substantive crime."). Neither do the offenses of bank robbery and possession of a firearm during a crime of violence merge. *See United States* v. *Harris*, 832 F.2d 88, 91 (7th Cir. 1987) ("[T]he Double Jeopardy Clause does not prohibit convictions and sentences under both §§ 924(c) and 2113(d)."); M*issouri* v. *Hunter,* 459 U.S. 359, 369, 103 S. Ct. 673, 679, 74 L. Ed. 2d 535 (1983) ("Where legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct, the trial court or jury may impose cumulative punishment under such statutes."). Bright, like the defendant in *Harris*, was convicted under 18 U.S.C. §§ 924(c) and 2113. His argument must fail.

For the foregoing reasons, Bright's motion must be denied as wholly lacking in plausible merit. Since reasonable jurists would not find this court's ruling debatable, *Slack* v. *McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000), this court declines to certify any issues for appeal under 28 U.S.C. § 2253(c). This case is terminated.